**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

**GLORIA LYNN MACK,**

                **Plaintiff,**

**v.**

                **17-CV-991**

**COMMISSIONER OF SOCIAL SECURITY,**

                **Defendant.**

## DECISION AND ORDER

Pursuant to 28 U.S.C. § 636(c), the parties have consented to have the undersigned conduct any and all further proceedings in this case, including entry of final judgment. Dkt. No. 14. Gloria Lynn Mack ("Plaintiff"), who is represented by counsel, brings this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying her application for Disability Insurance Benefits ("DIB"). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Dkt. Nos. 12, 16.

## BACKGROUND

Plaintiff applied for DIB on July 8, 2013, alleging disability since August 29, 2012, due to left shoulder impingement/rotator cuff tendonitis, back, shoulder and elbow injury, diabetes, high blood pressure, depression and neck injury. Tr. at 10, 197-

98, 212.[1]  Plaintiff's application was denied at the initial level and she requested a hearing before an Administrative Law Judge ("ALJ").  Tr. at 134, 144-47.  On February 24, 2016, Plaintiff appeared with her attorney and testified at the hearing, along with a vocational expert.  Tr. at 93-133.  In a decision dated March 22, 2016, the ALJ found that Plaintiff was not disabled within the meaning of the Act.  Tr. at 117, 127-37.  The Appeals Council denied Plaintiff's request for review, making the ALJ's determination the final decision of the Commissioner.  Tr. at 1-6.  Plaintiff thereafter commenced this action seeking review of the Commissioner's final decision.  Dkt. No. 1.

## **LEGAL STANDARD**

**Disability Determination**

An ALJ must follow a five-step process to determine whether an individual is disabled under the Act.  *See Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987).  At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity.  *See* 20 C.F.R. § 404.1520(b).  If so, the claimant is not disabled.  If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe," meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities.  20 C.F.R. § 404.1520(c).  If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled."  If the claimant does, the ALJ continues to step three.

---

[1] Citations to "Tr. __" refer to the pages of the administrative transcript, which appears at Docket No. 7.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings").  20 C.F.R. § 404.1520(d).  If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled.  If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for collective impairments.  *See* 20 C.F.R. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work.  20 C.F.R. § 404.1520(f).  If the claimant can perform such requirements, then he or she is not disabled.  If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience.  *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

**District Court Review**

42 U.S.C. § 405(g) authorizes a district court "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a

3

rehearing." 42 U.S.C. § 405(g) (2007). Section 405(g) limits the scope of the Court's review to two inquiries: whether the Commissioner's conclusions were based upon an erroneous legal standard and whether the Commissioner's findings were supported by substantial evidence in the record as a whole. *See Green-Younger v. Barnhart*, 335 F.3d 99, 105-106 (2d Cir. 2003). Substantial evidence is "more than a mere scintilla." *Moran v. Astrue,* 569 F.3d 108, 112 (2d Cir. 2009). "It means such *relevant* evidence as a *reasonable* mind might accept as adequate to support a conclusion." *Id.* (emphasis added and citation omitted). The substantial evidence standard of review is a very deferential standard, even more so than the "clearly erroneous" standard. *Brault v. Comm'r of Soc. Sec.*, 683 F.3d 443, 447-48 (2d Cir. 2012) (citing *Dickinson v. Zurko,* 527 U.S. 150, 153 (1999)).

When determining whether the Commissioner's findings are supported by substantial evidence, the Court's task is "'to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn.'" *Brown v. Apfel*, 174 F.3d 59, 62 (2d Cir. 1999) (quoting *Mongeur v. Heckler*, 722 F.2d 1033, 1038 (2d Cir. 1983) (per curiam)). If there is substantial evidence for the ALJ's determination, the decision must be upheld, even if there is also substantial evidence for the Plaintiff's position. *See Perez v. Chater,* 77 F.3d 41, 46-47 (2d Cir. 1996); *Conlin ex rel. N.T.C.B. v. Colvin*, 111 F. Supp. 3d 376, 384 (W.D.N.Y. 2015). Likewise, where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

**DISCUSSION AND ANALYSIS**

**The ALJ's Decision**

ALJ John G. Farrell analyzed Plaintiff's claims using the familiar five-step process described above. See 20 C.F.R. §§ 404.1520, 416.920; Lynch v. Astrue, No. 07-CV-249, 2008 WL 3413899, at *2 (W.D.N.Y. Aug. 8, 2008) (detailing the five steps). Preliminarily, the ALJ determined that Plaintiff met the insured status requirements of the Act through December 31, 2017. Tr. at 12. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 29, 2012, her alleged onset date. Tr. at 12. At step two, he found that Plaintiff had the following severe impairments: lumbar multi-level degenerative disc disease; cervical disc herniation; left shoulder rotator cuff tendonitis impingement syndrome with partial rotator cuff tear; left elbow epicondylitis; left AC joint arthrosis in the shoulder; status post right total knee arthroplasty. Tr. at 12. At step three, the ALJ concluded that Plaintiff's impairments did not, either individually or in combination, meet or equal the Listings. Tr. at 14.

Next, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform "sedentary work"[2] except she can occasionally balance, stoop, kneel, crouch, crawl, climb ramps, or climb stairs; occasionally reach with her upper left extremity; and she must avoid concentrated exposure to hazardous machinery and unprotected heights. Tr. at 14. Continuing to the fourth step, the ALJ relied on the VE in finding that Plaintiff is capable of performing her past relevant work as a personnel

---

[2] As the Commissioner notes, the ALJ mistakenly referenced 20 CFR § 416.967(a), which is applicable to Social Security Income claims under Title XVI of the Act, rather than 20 CFR § 404.1527(a), which applies to DIB claims (such as this one) under Title II of the Act. Dkt. No. 16-1, p. 11.

5

scheduler, as the work does not require performance of work-related activities precluded by her RFC. Tr. at 18. Accordingly, the ALJ concluded that Plaintiff was not disabled from August 29, 2012, her alleged onset date, through March 22, 2016, the date of his decision. Tr. at 33.

**Judgment on the Pleadings**

The parties have cross-moved for judgment on the pleadings. Dkt. Nos. 12, 16. Plaintiff contends that the ALJ committed two errors which require remand as follows: (1) he failed to explain how Plaintiff could perform sedentary work, which requires sitting, when Dr. Abrar Siddiqui ("Dr. Siddiqui") and Dr. Patrick A. Siaw ("Dr. Siaw") – whose opinions the ALJ gave "significant weight" – opined that she was moderately limited in sitting (Dkt. No. 12-1, pp. 14-17); and (2) he failed to provide good reason for rejecting treating source Dr. Siaw's opinion that Plaintiff had moderate mental limitations in maintaining a consistent pace (Dkt. No. 12-1, pp. 17-24).

The Commissioner counters that: (1) the ALJ properly weighed Dr. Siddiqui and Dr. Siaw's opinions, and in any case, remand is not necessary because moderate limitations in sitting are not inconsistent with sedentary work (Dkt. No. 16-1, pp. 16-21); and (2) the ALJ articulated good reasons for not crediting Dr. Siaw's opinion that Plaintiff had moderate mental limitations, and record as a whole does not support Plaintiff's allegations of disabling medical impairments (Dkt. No. 16-1, pp. 12-16, 21-28). For the reasons that follow, this Court grants Plaintiff's motion for judgment on the pleadings to the extent it seeks remand and denies the Commissioner's motion.

6

**Dr. Siddiqui's and Dr. Siaw's Findings of Moderate Sitting Limitations**

On December 13, 2013, Dr. Siddiqui examined Plaintiff at the request of the Division of Disability Determination and concluded that "there are moderate limitations in the claimant's ability to sit, stand, climb, push, pull or carry heavy objects." Tr. at 493-97. On August 4, 2014, Dr. Siaw, Plaintiff's primary care doctor, filled out a State Employee Assessment form in which he noted that she was moderately limited in sitting, lifting/carrying, seeing/hearing speaking, and using her hands, and very limited in climbing stairs or other climbing, walking, standing, pushing/pulling/bending. Tr. at 498-99.

In his decision, the ALJ Farrell afforded Dr. Siddiqui and Dr. Siaw's opinions "significant weight" in assigning Plaintiff's RFC. Tr. at 17. The ALJ ultimately determined that Plaintiff retained the RFC to perform sedentary work (20 C.F.R. § 404.1567(a)) with various restrictions. Tr. at 25. The Code of Federal Regulations defines "sedentary work" as follows:

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although **a sedentary job is defined as one which involves sitting**, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567(a) (emphasis added). As previously noted, the ALJ stated that Plaintiff can occasionally balance, stoop, kneel, crouch, crawl, climb ramps, or climb stairs; occasionally reach with her upper left extremity; and she must avoid concentrated exposure to hazardous machinery and unprotected heights. Tr. at 14. The ALJ did not address Plaintiff's ability to sit in his RFC.

Plaintiff argues that although the ALJ gave Dr. Siddiqui and Dr. Siaw's opinions "considerable weight," in formulating Plaintiff's RFC, he inexplicably disregarded the sitting limitations that both doctors identified. As a general rule, "the ALJ is not obligated to 'reconcile explicitly every conflicting shred of medical testimony.'" *Dioguardi v. Comm'r of Soc. Sec.,* 445 F.Supp.2d 288, 297 (W.D.N.Y. 2006) (quoting *Gecevic v. Sec. of Health & Human Servs.,* 882 F.Supp. 278, 286 (E.D.N.Y.1995)). In this regard, there is no "absolute bar to crediting only portions of medical source opinions." *Younes v. Colvin,* 2015 WL 1524417, at *8 (N.D.N.Y. 2015). At the same time, when an ALJ adopts only portions of a medical opinion in formulating a claimant's RFC, he or she must explain his or her decision to reject the remaining portions. *Raymer v. Colvin*, No. 14-CV-6009P, 2015 WL 5032669, at *5-7 (W.D.N.Y. Aug. 25, 2015) (collecting cases); *see also Younes v. Colvin,* 2015 WL 1524417 at *8 (holding that an ALJ is free to credit only a portion of a medical opinion; however, "when doing so smacks of 'cherry picking' of evidence supporting a finding while rejecting contrary evidence from the same source, an administrative law judge must have a sound reason for weighting portions of the same-source opinions differently"); *Phelps v. Colvin,* 2014 WL 122189, *4 (W.D.N.Y. 2014) (holding that "[t]he selective adoption of only the least supportive portions of a medical source's statements is not permissible") (internal quotations and brackets omitted); *Caternolo v. Astrue,* 2013 WL 1819264, *9 (W.D.N.Y. 2013) (collecting cases standing for the "fundamental tenet of Social Security law that an ALJ cannot pick and choose only parts of a medical opinion that support his determination") (internal quotations omitted); *Searles v. Astrue,* 2010 WL 2998676, *4

8

(W.D.N.Y. 2010) (holding that "[a]n ALJ may not credit some of a doctor's findings while ignoring other significant deficits that the doctor identified").

With respect to Dr. Siddiqui's opinion that Plaintiff had moderate limitations in her ability to sit, stand, climb, push, pull or carry heavy objects, the ALJ reasoned that while "moderate is an imprecise term," "the record certainly supports limitations in these areas of functioning, as the clamant has tested for decreased range of motion on several physical exams as a result of multiple motor vehicle accidents." Tr. at 17. Yet, the ALJ inexplicably did not include any sitting limitation in his finding that Plaintiff could perform sedentary work which by its very definition "involves sitting." 20 C.F.R. § 404.1567(a).

Regarding Dr. Siaw's opinion that Plaintiff was moderately limited in sitting, lifting, carrying, seeing, hearing, speaking, and using her hands, the ALJ again noted that "moderately limited" was an imprecise way of describing her areas of functioning as it "is unclear how this translates to the exact limitations faced by claimant in working an eight-hour day." Tr. at 17. Nonetheless, the ALJ reasoned, "as Dr. Siaw is the claimant's treating physician who is intimately familiar with the claimant's condition, and the opinion is supported by multiple MRIs and examinations showing decreased range of motion, I gave his opinion that the claimant was limited in walking, standing, pushing, pulling, bending and climbing[, and] lifting and carrying significant weight in assigning the claimant's [RFC]." Tr. at 17. Significantly, the ALJ gave explicit reasons for assigning "very little weight" to Dr. Siaw's opinion that Plaintiff was limited in

9

her ability to hear, speak and use her hands "as they cannot be traced to a specific medically determinable impairment." Tr. at 17. Again, the ALJ does not explain his omission of a sitting limitation in Plaintiff's ability to perform sedentary work. Tr. at 17.

The Commissioner argues that "a medical source's opinion that a claimant has 'moderate' limitations in sitting is not inherently inconsistent with the ability to perform sedentary work." Dkt. No. 16-1, p. 20. While this may be the case, it does not absolve the ALJ of his legal duty to explain why such a limitation, when diagnosed by a medical source given significant weight by an ALJ, was not incorporated into an RFC designating sedentary work. The ALJ's decision does not permit an inference that he considered and rejected the limitations contained in Dr. Siddiqui and Dr. Siaw's opinions. Rather, the ALJ inexplicably adopted some of the postural limitations identified by the two medical sources in the Plaintiff's RFC while ignoring others. This constitutes reversible error. *Raymer*, 2015 WL 5032669, at *5-7; *Allen v. Comm'r of Soc. Sec.,* 2012 WL 4033711, at *9 (N.D.N.Y. 2012) (holding that the ALJ did not apply the correct legal standard in determining claimant's RFC "because [she] failed to explain why portions of [the nurse practitioner and doctor's] medical source statements were not adopted"); *Overbaugh v. Astrue,* 2010 WL 1171203, *9 (N.D.N.Y. 2010) (holding that the ALJ's "failure to explain why he disregarded portions of [the doctor's] assessment, while simultaneously assigning it controlling weight, constitutes legal error").

Remand is especially appropriate where, as here, the ALJ gave Dr. Siddiqui's and Dr. Siaw's opinions "considerable weight," but failed to provide an explanation for not incorporating into the RFC their sitting limitations, especially because those limitations if incorporated could support a finding of disability. Of particular importance here, the ALJ concluded that Plaintiff was not disabled because she is capable of performing her past relevant work as a personnel scheduler. Tr. at 18. However, when asked by Plaintiff's then-counsel whether a person of Plaintiff's age, education and work experience, limited to sedentary exertion, and **requiring a sit/stand option** could perform Plaintiff's past work as a personnel scheduler, the VE explicitly testified that it would not be possible. Tr. at 130. In this regard, if the ALJ had built a moderate sitting limitation into the RFC, Plaintiff would have been disabled from her past work, according to the VE, if not altogether. As such, this case must be remanded. *Raymer*, 2015 WL 5032669, at *6; *see also Beckers v. Colvin,* 38 F.Supp.3d 362, 372 (W.D.N.Y. 2014) (holding that remand was warranted where "[t]he ALJ failed to explain why he would adopt [the doctor's] opinions concerning [p]laintiff's marked limitations but reject her opinion that would likely lead to a finding of disability"); *Caternolo v. Astrue,* 2013 WL 1819264, at *9 (W.D.N.Y. 2013) (holding that it was improper for the "[t]he ALJ [to] assign[ ] parts of the [doctor's] opinion 'significant' weight, but . . . completely disregard[ ] the portion of the report that would have led to a finding of disability").

On remand, the ALJ is directed to evaluate Dr. Siddiqui and Dr. Siaw's opinions and "clearly delineate which portions of [those] opinions will be incorporated into his RFC finding, and which will not be included." *Beckers v. Colvin,* 38 F.Supp.3d

11

at 372. If the ALJ does not include portions of either doctors' opinions, he must explain why those specific opinions were not incorporated into the RFC assessment. *Id.* In light of my determination that the case must be remanded to the ALJ to explain which doctor-identified limitations have been made part of the RFC and why, this Court need not reach Plaintiff's remaining argument regarding her mental limitations.

## **CONCLUSION**

For the reasons stated herein, Plaintiff's motion for judgment on the pleadings (Dkt. No. 12) is hereby GRANTED to the extent that this matter is remanded, and the Commissioner's motion for judgment on the pleadings (Dkt. No. 16) is hereby DENIED. The Clerk of the Court is directed to close this case.

**SO ORDERED.**

DATED:   Buffalo, New York
             June 19, 2019

                                      *s/ H. Kenneth Schroeder, Jr.*
                                      **H. KENNETH SCHROEDER, JR.**
                                        **United States Magistrate Judge**