**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
─────────────────────────────

**GLORIA LYNN M.,**

                                    **Plaintiff,**

**v.**

**COMMISSIONER OF SOCIAL SECURITY,**

                            **Defendant.**
─────────────────────────────

**DECISION AND ORDER**

**17-CV-991(HKS)**

 

 

        The parties have consented to have the undersigned conduct any and all proceedings in this case.  Dkt. No. 14.  Currently before the court is Plaintiff's Motion for Attorneys' Fees in the amount of $22,676.15 pursuant to 42 U.S.C. §406(b).  Dkt. No. 20.  The Commissioner objects only to how the *de facto* hourly rate should be calculated.  Dkt. No. 27.  For the reasons discussed below, Plaintiff's Motion is granted.

 

**BACKGROUND**

        Plaintiff commenced this action on October 3, 2017, arguing that the Commissioner erroneously denied her claim for benefits in a decision that was not supported by substantial evidence.  Dkt. No. 1.  The parties thereafter cross-moved for judgment on the pleadings.  Dkt. No. 12, 16.  On January 14, 2019, I granted Plaintiff's Motion for Judgment on the Pleadings, and remanded her case to the Commissioner for further proceedings consistent with my Decision and Order.  Dkt. No. 18.  By Text Order entered on October 7, 2019 (Dkt. No. 23), I granted Plaintiff's Motion for Attorneys' Fees

(Dkt. No. 20) pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, to which the Commissioner stipulated, in the amount of $7,112.29.  Dkt. No. 22.

On June 20, 2019, an Administrative Law Judge ("ALJ") issued a decision approving Plaintiff's application for benefits in its entirety.  Dkt. No. 24-1, p. 1; Dkt. No. 24-3.  On May 3, 2020, the Social Security Administration issued a Notice of Award indicating that $22,676.15 had been withheld from the total retroactive benefit award of $90,704.60 to pay any duly approved attorneys' fees.  Dkt. No. 24-4.  The Fee Agreement between Plaintiff and her attorneys states that "the attorney fee will be 1/4 (25 percent) of the past due benefits resulting from my claim or $6,000, whichever is lower. . . ."  Dkt. No. 24-5.

Plaintiff's attorneys now request an award of attorneys' fees in the amount of $22,676.15, with the stipulation that upon receipt of payment, they will refund to Plaintiff the previously-awarded EAJA fees.  Dkt No. 24-1, p. 2.[1]  The Commissioner does not challenge the timeliness of the Plaintiff's motion and does not allege fraud or overreaching on Plaintiff's part.  He does argue, however, that in determining the reasonableness of counsel's request, the *de facto* hourly rate should be calculated without deducting the EAJA payment from the past-due amount.  Dkt. No. 27, p. 4.

---

[1] Plaintiff asserts that she was awarded $6,183.11 in EAJA fees when in fact she was awarded $7,112.29.  Dkt. Nos. 22, 23.

**ANALYSIS**

42 U.S.C. §406(b) limits the fees that attorneys are permitted to charge

SSI claimants:

> Whenever a court renders a judgment favorable to a claimant
> under this subchapter who was represented before the court
> by an attorney, the court may determine and allow as part of
> its judgment a reasonable fee for such representation, not in
> excess of 25 percent of the total of past-due benefits to which
> the claimant is entitled by reason of such judgment, and the
> Commissioner of Social Security may . . . certify the amount
> of such fee for payment to such attorney out of, and not in
> addition to, the amount of such past-due benefits. In case of
> any such judgment, no other fee may be payable or certified
> for payment for such representation except as provided in this
> paragraph.

42 U.S.C.§406(b)(1)(A).  In reviewing a motion for attorneys' fees pursuant to Section

406(b), this Court reviews both the timeliness of the motion and the reasonableness of

the fee.  *See, e.g.*, *Barone v. Saul*, 2019 WL 3296616 (W.D.N.Y. July 23, 2019);

*Walkowiak v. Commissioner of Social Security*, 2019 WL 6242549 (W.D.N.Y. Nov. 22,

2019); *Dillon v. Saul*, 2020 WL 360966 (W.D.N.Y. Jan. 22, 2020); *Plum v.

Commissioner of Social Security*, 2020 WL 1846785 (W.D.N.Y. April 13, 2020).  I

address each issue in turn.


**Timeliness**

In *Sinkler v. Berryhill*, 932 F.3d 83 (2d Cir. 2019), the Second Circuit Court

of Appeals held that the 14-day limitations period of Rule 54(d)(2)(B) applies to

applications for Section 406(b) fees, subject to equitable tolling "until a benefits

calculation is made on remand and notice thereof received by the parties."  *Id.* at 89.

Accordingly, motions for benefits made within seventeen days (fourteen days under

- 3 -

Rule 54(d)(2)(B), plus three days for mailing)[2] of receipt of a Notice of Award for benefits are timely.

Here, Plaintiff's counsel filed her motion for fees on May 20, 2020 (Dkt. No. 24), 17 days after the SSA issued its May 3, 2020 Notice of Award.  Accordingly, Plaintiff's motion is timely.

**Reasonableness**

Here, the Fee Agreement between Plaintiff and her attorneys provides for an attorneys' fee of "1/4 (25 percent) of the past due benefits resulting from my claim." Dkt. No. 24-5.  The 25 percent fee is within the cap provided by Section 406(b).

That is not the end of the reasonableness inquiry, however.  Section 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. . . . Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."  *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). To determine the reasonableness of a contingent fee, the Supreme Court identified several factors that a court may consider including "the character of the representation and the results the representative achieved."  *Id.*  The Court noted it may be appropriate for a district court to downwardly adjust the requested fee if the attorney was responsible for a delay that resulted in additional benefits accumulating during

---

[2] *See Sinkler*, 932 F.3d at 89, n. 5 ("Nothing in this opinion departs from the law's presumption that a party receives communications three days after mailing.").

pendency of the case.  *Id.*  A court may review an attorney's record of time spent on the matter to determine whether the requested fee is a windfall to the attorney.  *Id.*  The Second Circuit Court of Appeals directs that district courts should also consider "whether there has been fraud or overreaching in making the agreement."  *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990).

Here, Plaintiff received competent representation.  Plaintiff's primary attorney, Elizabeth Haungs, has been practicing law since 2014.  Dkt. No. 24-2, ¶ 3. Since her admission, Ms. Haungs has handled over 500 social security cases in federal district court, over 50 administrative hearings, and two cases at the Second Circuit Court of Appeals.  Dkt. No. 24-2, ¶ 4.  Ms. Haungs' work on this matter yielded an award of past due benefits of $90,704.60.  Dkt. No. 24-2, ¶ 11.

Second, there was no meaningful delay in this matter attributable to Plaintiff's attorneys.  Plaintiff requested only one extension of one day to file her motion for judgment on the pleadings.  Dkt. No. 10-1.

Third, given the number of hours spent working on this matter, the fee requested by Plaintiff's attorneys does not result in a windfall.  Time records submitted with the motion indicate a total of 35.5 hours of attorney time was spent on Plaintiff's case.  Dkt. No.24-2, p. 2.  The total fee requested results in an effective hourly rate of $638.76 if the requested fee is not reduced by the EAJA award ($22,676.15 ÷ 35.5 =

$638.76), or $438.42 if it is so reduced ($22,676.11 - $7,112.29 = $15,563.86 ÷ 3.5 = $438.42).  Dkt. No. 24-1, pp. 5-6.

Either hourly rate is higher than Ms. Huang's typical $300 hourly rate.  Dkt. No. 24-2, p. 3.  However, this fact, standing alone, does not mean that the requested fee is unreasonable.  "[E]nhancements for the risk of nonpayment are appropriate considerations in determining §406(b) fees. . . . In the absence of a fixed-fee agreement, payment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk."  *Wells*, 907 F.2d at 370-71.

Having reviewed the fee request and supporting documentation, I find that the requested fee is reasonable based on counsel's experience, the nature of the representation provided, the contingent nature of the fee, and the favorable results achieved.  *See Gisbrecht*, 535 U.S. at 807.  The effective hourly rate here is well within the range of *de facto* hourly rates resulting from similar social security contingent fee requests recently approved by courts in this district.  *See e.g. McDonald v. Commissioner of Social Security*, 2019 WL 1375084, at *3 (W.D.N.Y. 2019) (approving a *de facto* hourly rate of $1,051.64, where "Plaintiff's attorney filed a persuasive brief that led to an award of benefits, and the hours he expended in doing so were appropriate"); *Campana v. Saul*, 2020 WL 3957960, at *2, n. 1 (W.D.N.Y. 2020) ("[w]hile the fee here constitutes an hourly rate of $1,000 . . . very high by Western New York standards - the precedent cited in counsel's fee application and the incentive necessary for counsel to take contingency-fee cases weigh in favor of approving the fee here");

*Sims v. Commissioner of Social Security*, 2020 WL 812923, at *2 (W.D.N.Y. 2020) (approving a *de facto* hourly rate of $980.87, where "counsel developed meritorious, non-boilerplate arguments on the claimant's behalf"); *Salone v. Commissioner of Social Security*, 2020 WL 1677374, at *2 (W.D.N.Y. 2020) (approving a *de facto* hourly rate of $956.25); *Dillon*, 2020 WL 360966, at *3 (finding a *de facto* hourly rate of $697.20 "does not appear so large as to be a windfall to the attorney"); *Plum*, 2020 WL 1846785, at *5 (limiting counsel's fee to an effective hourly rate of $750 per hour to reasonably compensate the attorney and avoid a windfall); *Perry v. Commissioner of Social Security*, 2020 WL 360979, at *5 (W.D.N.Y. 2020) (finding reasonable an effective hourly rate of $740.02).

### CONCLUSION

For these reasons, Plaintiff's Motion for Fees (Dkt. No. 24) in the amount of $22,676.15 pursuant to 42 U.S.C. §406(b) is granted.  The Commissioner is directed to release these funds.  In addition, I direct Plaintiff's attorneys to return to Plaintiff within 14 days of receiving the Section 406(b) fee the previously awarded EAJA fees in the amount of $7,112.29.

**SO ORDERED.**

DATED:      Buffalo, New York
            November 1, 2021

                                        *s/ H. Kenneth Schroeder, Jr.*
                                        **H. KENNETH SCHROEDER, JR.**
                                        **United States Magistrate Judge**